Good morning Mr. Rodriguez. Good morning Your Honor. If I may proceed. I thought you had fanfare for your presentation. I appreciate it Your Honor. Your Honor, if I may, I will ask this honorable court to grant us only five minutes for initial argument and reserve five for rebuttal. Your Honor, we are before this honorable court in a simple, from the way I planned to say it, matter. In order to grant attorney fees in a copyright act case should be a prevailing party. In the instance case before the U.S. District Court, there was a disposition of the case. It was taken to the appellate court and the case was affirmed but clarified that all claims survived and they were, they can be taken before an arbitrator. Basically that's the ruling of the court. Then the case, the defendant went back to the district court claiming that the case was sustained and filed for attorney fees. The court grants attorney fees and we oppose timely in the district court bringing to the court attention that there was no prevailing party, that all claims are preserved for another forum, which is an arbitrator. But the court grants the attorney fees. Basically our contention is that there was no prevailing party and in their brief at page 10, they go back to the original opinion, actually contrary to this honorable court order. In that paragraph at the third line, they say that the court referring to the U.S. District Court, specifically and specifically affirmed the dismissal of Cortez-Ramos claims with prejudice, which is contrary to the ruling of this honorable court, the appellate court, clarifying that the claims were dismissed without prejudice. So from our standpoint, it's clear there was no adjudication in the merits. Actually, they quote the law and the law says, like we did, we also quoted, that has to be a claim under copyrights has to be final when it's adjudicated. And that's when the prevailing party is entitled to attorney fees. So I'll get to your question now. Judge Leibniz? No, no questions. Thank you. Thank you. Permission to interrupt. Mr. Rose, good morning. Good morning, Your Honor. You know, I hate to start by asking you a question before you introduce yourself. Introduce yourself first. Sure. May it please the court. David Rose of Pryor-Cashman on behalf of the Sony defense. My question is quite simple, but I hope it goes right to the point that I think is at issue here. I'd like to know, after arbitration was ordered, how did that materially alter the relationship between the parties? So after arbitration was ordered, and in connection with that order, all proceedings that the plaintiff or the appellant had brought in the federal court system were fully and finally determined. And when you look at the Supreme Court's recent decision in CRST-VAN, what Justice Kennedy held there is that even when you have a determination on a non-merits-based point, if the defendant has successfully rebutted or refuted the claims or contentions of the plaintiff in the case, that constitutes a determination that confers prevailing party status because the challenge to the defendant in court has been rebuffed. And I would just want to point out one thing. Mr. Rodriguez indicated that this court did not affirm the dismissal with prejudice. Actually, this court did affirm the dismissal with prejudice. It did say that the claims could proceed in arbitration. But I would go back and, again, just refer the court to the CRST-VAN decision where it has been made clear. What was the issue in CRST-VAN? The issue in CRST-VAN was whether the EEOC had properly asserted claims against the van company. And there, what the court determined was there were a number of procedural infirmities in the EEOC's claim, never got to the merits, but nevertheless dismissed the case. Procedural infirmities were all relevant, all related to procedural requirements under the statute that the EEOC was proceeding under, right? With the exception of the judicial estoppel point. There were a couple others, failure to conciliate, failure to properly address some of the claims. Those were statutory duties. I believe those were statutory duties of the EEOC. That's why that case, to me, doesn't seem to tell us very much here because the court has said in Sol v. Weiner that the touchstone of the prevailing party inquiry is the material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute. So the fee statute, here's the copyright fee statute. It's just hard to see how a ruling which has nothing to do with the copyright statute is promoting the purposes of the fee component of the copyright statute. That wouldn't be true in CRST-VAN. It wouldn't be entirely true. And I don't know of any case, and I don't think you identify one, in which the prevailing party prevails due to an issue wholly independent of the statutory provision that the fee provision is attached to. I would refer your court respectfully to this court's decision in the Invences case, in which the court basically held that even if you have a non-copyright issue, their state contract law issue decided in a way that disposes of the copyright case, it constitutes a determination. Yeah, but that's because that's a precondition to the copyright issue itself. But I see the point. Yeah, and I would, and to kind of play it out a little bit if I may, here you did have a merits-based determination under state contract law with respect to the arbitration provision. So for purposes of determining whether a copyright case, a case under Title 17, was properly brought in the federal court system, there was a determination. Yeah, but that's the difference in Invences in this. There you had a conclusion that the predicate right to the copyright is who owns it. If you have a contract resolving that issue, obviously the copyright can't go forward. There's no similar adjudication here that's relevant to the right at issue under the copyright statute. It's just a forum question. It's quite different than Invences in that respect. In a way, it is, but also. So the question is why would we say that an interest that is relevant to the fee provisions of the Copyright Act is being vindicated when all that is adjudged is which forum the Copyright Act decision will be heard in? The Copyright Act takes no position on forum. So I can refer your court to the Menge case out of the Southern District of New York, which adopted CRST to basically hold that where you had a plaintiff who brought a case improperly from a jurisdictional standpoint in the Southern District, the court on purely procedural grounds. And with respect to forum, made a determination that CRST applied and that there had been the challenge that the plaintiff had brought. Does that position depend on that we decide that jurisdictional rulings also make you a prevailing party? I would say not solely jurisdictional rulings, but taking what Justice Kennedy said in CRST, any non-merits-based determination. That would include all jurisdictional rulings. It would. It would include it, yes, but I wouldn't limit it to just a jurisdictional ruling. If you use any jurisdictional ruling, you would say also makes you a prevailing party. Even if the reason that there's no jurisdiction is diversity, no lack of diversity jurisdiction, that could mean you could be a prevailing party? I mean, it just seems. I think that might take it a little bit too far here. The distinction I would draw is that the plaintiff now is forever, based upon the decision in this court's affirmance, forever foreclosed from bringing a copyright case in the federal court system. And so. Reasons that have nothing to do with the Copyright Act. They don't have to do with the Copyright Act. So how is the fee provision of the Copyright Act vindicated by giving fees? It just seems odd to believe that Congress, in enacting a fee provision for the Copyright Act to further the purpose of copyright, was actually furthering the purpose of the Federal Arbitration Act, which has no fees provision. It doesn't. But I would say that, again, and pointing back to CRST, another point that comes out of that case is the desire of the Supreme Court to articulate, again, that there should be commonality and there should be consistency in the application of fee-shifting provisions across copyright, across claims under Title VII or other fee-shifting, RICO, whatever it happens to be. When you have a fee-shifting provision, the courts have stated, that it should be applied consistently, and I would submit that here, where you have the Supreme Court stating that non-merits-based reasons for dismissal still do confer prevailing party status without it necessarily, actually I would say explicitly without tying it in that case to Title VII, because it did say it should be applied consistently across statutes that provide for fee-shifting, you don't have to find, in this case, that there was a determination of any right or any provision of the Copyright Act in order to Suppose that there was an exhaustion requirement in the Copyright Act. CRST then would be good authority for concluding that. I'm sorry, I missed the beginning part of your question. If there was an exhaustion requirement in the Copyright Act, it would be a good analogy to the case you're citing, because that would be a non-merits-based reason. You could call it non-merits-based. But here you're sort of taking that language in which they were relying on defects intrinsic to the statutory process to which the fee provision was attached, including from that, that therefore anything completely unattached to the statute that has a fees provision that results in one party winning makes that winning party the prevailing party. That just seems like a big leap. I would submit respectfully that it's not such a big leap, again, when you look at the desire for consistency across fee-shifting. There would be no consistency problem. You just would have the same rule that across all statutes, to be a prevailing party it's got to be connected to the statute and the rights set forth in the statute to which the fee provision is attached. If that statute has exhaustion requirements, then a failure to comply with them makes the other side the prevailing party. The fee provision is attached to that statute. For a statute that doesn't, there's no inconsistency. It's just we're not vindicating any statutory policy because there's no exhaustion requirement or something like that. Yeah, I don't know that CRST should be read to go that far. And I would, again, go back to the Invensys decision where the court also discussed the fact that even if you had a dismissal that was based on failure of the defendant to answer a complaint or some discovery sanction that resulted in dismissal of a pleading, even there this court said that would constitute a disposition on the merits such that prevailing party status would be conferred. And I would submit that it's not as different than this case where the dismissal, again, with prejudice, was because the plaintiff brought the case in the federal court system. However, that was a... You don't have an arbitration case like this that's been held to be a prevailing party. I don't have an arbitration case exactly like this. There was a case out of the Sixth Circuit that we cited, the Wallacey case, where in determining whether the plaintiff in that case was the prevailing party or seeking to determine whether it was a prevailing party, the court rejected that proposition and held, in fact, the defendant was the prevailing party because it had successfully compelled arbitration. It didn't hold that that party then got fees. It held that party... It didn't hold that that party got fees. It denied... Because it wasn't seeking that. The plaintiff had been seeking costs in that case, but... What statute was involved in that case? That was Rule 54 that allows for the provision of costs to the prevailing party. The plaintiff in that case had obtained a judgment or an award in arbitration and then sought from the district court to be awarded his costs for having done so successfully. And the court said, no, you really weren't the successful party. You weren't the prevailing party because you had to go to arbitration when you had initiated the case in this court. What's the closest case in our circuit? I would say the closest case in this circuit would be the Invences case in terms of how it discusses the fact that you do not need a merits-based determination to find, in a case under the Copyright Act, that the successful defendant in having a case dismissed is the prevailing party. The problem I have is this recent Supreme Court case is not that clear. But there are about three or four other Supreme Court cases that uses the touchstone of the... What was cited by Judge Barron, the touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties. And I just don't see any material alteration in this case. They're the same plaintiff and defendant, except they have a different forum in which they are going to litigate the controversy. One example would be the lack of a jury trial. So that's a material alteration. The plaintiff does not have the ability... Between the parties. I think that in taking the case out of the federal court system and putting it into arbitration, we materially alter the relationship between the parties. Because arbitration is necessarily a different process than what would happen in this court. For example, in the district court, there could be a jury. In the district court, the federal rules of evidence would be dutifully complied with. The federal rules of civil procedure would be dutifully complied with. We're now in a process that's completely different than what would occur here. We see it differently. I don't see that being a material alteration between the parties. I see that there's going to be a different procedure because you go into arbitration rather than having the right to a trial by jury. What I would answer to Your Honor is that if the Supreme Court were satisfied with the Buchanan decision, which is the case that expounded the principle that you're discussing, it wouldn't have needed to have been decided CRST as it did. Why would that be? Because if a statute that has a fees provision has requirements like an exhaustion requirement in it, you could prevail on a failure to exhaust by the other party. And you would not have won on the merits in a conventional sense. So the court would need to clarify that even that counts. But in so clarifying, it wouldn't have walked away from its proposition that we still have to be having the fees provision vindicated, the fees provision vindicating a purpose served by the statute to which the fees provision is attached. Otherwise, what you're kind of imagining is, I mean, wouldn't it, if your position was right, why wouldn't there be a fees provision under the arbitration? Because in your proposition, every single time one prevails in an arbitration dispute, you get fees. And you would think the place to find that would be the Federal Arbitration Act, which has no fees provision. If Congress wants to amend the Federal Arbitration Act. No, no, no. They don't want to. They haven't. So we have a Federal Arbitration Act that has no fees provision, yet your proposition is in any case, no matter under what statute it arises, so long as it happens to have a fees provision, the party that prevails in the dispute over whether it's arbitrable, in the determinations it is arbitrable, automatically gets fees. Even though the one statute that focuses on arbitration doesn't provide fees. That's very odd, isn't it? It may seem a bit incongruous, but there is authority for it, even in this court. Again, I would say, focusing back on invences, where you've got a direct statement by the court, and it alludes specifically to the fault judgments and discovery sanctions that determined the case. There's been no determination on any. The determination of the case there was that the contract right was resolved, right? And the consequence of that is the only predicate for the copyright was resolved. You can't have a copyright if you don't own it. That is true. So by whatever means it was determined that you don't own the copyright, there was a determination that you don't. So that's perfectly consistent with the Copyright Act in vindicating it. You prevailed on the copyright claim by showing who the owner was. It's just not like this case. This case is all you prevail on is showing that whoever owns it and whoever has the copyright has to do it in one form rather than another. We just don't have any case addressing that. I would just say the court's analysis in invences didn't stop there, though. It went forward and it discussed the two circumstances that I mentioned to Your Honor, and the trend moved consistently towards what we ultimately have in the CRST case, which is being adopted in the Southern District of New York. It was adopted directly in the Mega case and referred to in the Tough America case as well as being recognized as if you decide you want to bring a copyright case and you lose, for whatever reason, you've lost a copyright case. And I would submit that it's as clear as that. And here, to answer Your Honor's question as well, the rights were adjusted. We're in a different forum with different rules, with a different process entirely, not a forum of the plaintiff's choosing but one of ours. Thank you. Judge Leibovitz. On the scheme of the material alteration of the legal relationship with the parties, I found somewhat implicit in your argument is the notion that when you go into a different forum from the court to the arbitral forum, I mean, if you prevail on your position in that forum, you are, in terms of having to address and defend what you have learned on appeal, you are in a far more favorable position because of the rules that apply to any appeal from an arbitral decision. I mean, it's virtually impossible to undo an arbitral error. That is simply not the case if those issues play out in the court. Is that, do you see that as that, and I think that's an accurate account of the difference between the two forms. Is that part related at all to this material alteration of the legal relationship with parties? I would say it does, Your Honor, and it's consistent with some of the things I mentioned earlier in terms of how the arbitration process works within the arbitration itself. Unless you lose an arbitration. Unless we lose an arbitration. In which case you're worse off. We may be, but ultimately it's our forum. It's what we selected. It's what we put into the contract. It's what we were able to. But the other party selected too. Well, I'm saying for purposes of this case. In other words, we could have waived arbitration by contesting in the district court, but we didn't. We chose to enforce the contract to have a copyright case heard in arbitration, and we're successful in doing so. Unless there are any other questions, I'll. I just have one other question. If you prevail in the arbitration, do you understand yourself to be able to invoke the fees statute to get fees in arbitration? Yes. So you'd really come out great. You'd be a prevailing party under that statute twice, once for getting into arbitration and then the second time for winning an arbitration. Is that right? Yes. I would view it, though, as part of the fight in its entirety, and to the extent that we're jurisdictional. If you're entitled to attorney's fees in a copyright case, let's say that's tried entirely in federal court, you get your fees going back to, let's say, jurisdictional issues that were addressed. You basically have the entire travel of the case in order to recover your fees.  Thank you. Thank you. Mr. Rodriguez. If I may, Your Honor. For the record, Rodriguez, the defendants can see that the U.S. District Court did not address the issue of prevailing party when they imposed the attorney fees. It's on page number 10. The U.S. District Court didn't make that determination about the prevailing party. It just went to, well, they're asking for attorney fees. Granted, but they did not make that determination. It's on page 10 of line number, it's on the second paragraph. But besides that, any administrative forum, any arbitrator, and any court system is bound by the same principles of justice. So what Sonny is portraying here that, oh, it's a different forum, we choose, this is our forum. Well, they don't own the forum. That forum is just, it was agreed by both parties. If we take that contract as a valid one, as the court took it, well, it was a meeting of mine. Defendant and, I mean, a plea and appellant both agree on that one because that was the ruling of the court on reviewing that case. So it's not that they choose that forum because it's more beneficial to them and that they always go to that forum because they're always going to win in there. So that goes back to the original Arbitration Act. That wasn't the purpose of enacting that law. Oh, we're going to enact a law that whoever chooses it first, they're going to win. Well, that's against justice, the way I see it. I understand that. Actually, the forum that was chosen by both parties is ruled by rules, is by a set of rules and regulations. This court is done. Motions and everything can be done. It's a different system, but it's still the same like an administrative forum. And the Supreme Court says that even though some administrative agencies got different systems, well, they have to bound a certain way to the regular rules of the court systems. But besides that, the case that, I apologize, I don't have that case from the Supreme Court. It wasn't on the brief. I don't know if they submitted a supplemental brief on that case, on when that case of Sierra was published. I cannot discuss that one. But the one that he was mentioning, the Willis-Hewitt, it's completely different. In that one, the prevailing party, by the time they asked the court for attorney fees, the procedures of the arbitrator was already solved. And they, I presume they recovered attorney fees of the arbitrator, and now they go back to the district court asking for more attorney fees because they prevail on the second one. And that's the reason. It's different from this one. We haven't gone to the arbitrator yet. There's no prevailing party. That's to be decided. So we don't know. It seems that we might win at the arbitrator, and then there are parties recovering attorney fees under the same law in a lower, not lower system, but in a different system. That makes a difference from this case, from the one that he was quoting from the 346 circuit. So to your question, Your Honor. I suppose if you go to arbitration and you win, you're actually better off than if you didn't go to arbitration. Right? Because it will be hard for them to overturn your victory at the arbitration, more difficult than if you won on the merits of district court. I'm not. If it is arbitrated and you prevail in the arbitration, they're going to have a very hard time overturning that. Definitely. So you're actually, in theory at this point, potentially better off for being in arbitration. Yes, Your Honor. Yeah. And yet they would be the prevailing party, which would be strange. Yeah. And like Your Honor said, the act cannot be providing for attorney fees in different places, on different stages of the case. The case is not being determined yet, adjudicated in its merits. Judge Larkins, do you have any questions? No, that's it. Thank you. I'm going to shut the window.